1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br><br>                                      Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>                                      Defendants. | Case No.:  21cv1675-JAH(LR)<br><br>**ORDER:**<br><br>**(1) DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [ECF NO. 71]**<br><br>**AND**<br><br>**(2) REQUIRING PRODUCTION OF DOCUMENTS FOR IN CAMERA REVIEW** |

        Currently before the Court are Plaintiff's "Motion to Compel Discovery" [ECF No. 71 ("Mot.")], Defendants' Opposition [ECF No. 74 ("Opp'n")], and Plaintiff's Reply [ECF No. 75 ("Reply")].  Having considered all of the briefing and supporting documents, and for the reasons set forth below, the Court **DENIES IN PART** Plaintiff's Motion to Compel.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2021, Plaintiff Brian Kakowski, a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On January 9, 2022, Plaintiff filed a First Amended Complaint ("FAC"), the operative pleading in this case.  (See ECF No. 32.)  On February 14, 2022, after screening Plaintiff's FAC, District Judge Houston dismissed "all claims against all Defendants in Plaintiff's First Amended Complaint without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with the exception of Plaintiff's Eighth Amendment claims against Defendants Pollard, Clayton and Mosely."  (ECF No. 33 at 12; see also id. at 10.)  Accordingly, the remaining claims in Plaintiff's FAC are against Defendants Richard J. Donovan Correctional Facility ("RJD") Warden Pollard, Plaintiff's primary treating physician at RJD Dr. Clayton, and the Chief Appeals Officer of the California Department of Corrections and Rehabilitation ("CDCR") CDCR Moseley.  (See ECF No. 32.)

Plaintiff alleges that Defendants Pollard, Clayton, and Moseley failed to protect him, and were deliberately indifferent to his health and safety.  (Id. at 4, 6.)  Plaintiff asserts that Defendants failed to enforce California Code of Regulations, Title 15, section 3052(g), which provides that "[n]o inmate shall be assigned to the food service area until medically cleared to handle food."  (Id. at 4; ECF No. 32-1 at 9.)  He states that as a result of Defendants' failure to enforce the regulation, inmates with contagious diseases were working in the kitchens and contaminated food, which "led to Plaintiff re-contracting Hepatitis-C."  (Id.)  Plaintiff further alleges that instead of investigating his inmate grievance concerning the issue, Defendant Pollard denied the grievance by stating, in direct violation of the California regulations, that "inmates are not precluded from holding a position in culinary based on medical prognosis."  (Id. at 5.)  Plaintiff further contends that Defendant Mosely "made false claims and falsified documents claiming chronos are up to date," and that "everybody & everyone is medically cleared."  (Id. at 6–7.)

Plaintiff also alleges that Defendant Clayton was deliberately indifferent to his need for medical treatment of Hepatitis-C.  (Id. at 9.)  Plaintiff asserts that he asked to be treated with Interferon, but was only given "Tums & Ibuprofen," and he was hospitalized in April 2021 with acute liver failure.  (Id. at 9–10.)  Plaintiff claims Clayton repeatedly ignored the signs of liver failure Plaintiff reported, including dark brown urine, stomach pain, and back aches.  (Id. at 10, 14.)

On June 15, 2022, Plaintiff served his First Set of Requests for Production of Documents, and Defendants Pollard, Clayton and Mosely responded to Plaintiff's requests on July 18, 2022.  (ECF No. 74-1, Decl. of Gracie Pollard ("Pollard Decl.") at 2.)  After the parties met and conferred regarding Defendants' discovery responses, Defendants supplemented their production on September 2, 2022.  (Id. at 2–3.)  Unsatisfied with the production, Plaintiff filed the Motion to Compel on October 11, 2022.  (See Mot.)  On December 7, 2022, the Court held a Discovery Hearing on Plaintiff's Motion to Compel ("Discovery Hearing").  (See ECF No. 79.)

## II.    LEGAL STANDARD

### A.    Motion to Compel

The Federal Rules of Civil Procedure authorize the parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the following factors: "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.

A party may request the production of any document, electronically stored information, or tangible things within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the

request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  The party propounding the request for production of documents may move to compel discovery, where a party fails to produce documents requested under Federal Rule of Civil Procedure 34.  See Fed. R. Civ. P. 37(a).

The party seeking to compel discovery has the burden of establishing that its request satisfies the Rule 26(b)(1) relevance requirements.  Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  The party opposing discovery has the burden of showing that the discovery should be prohibited, and "the burden of clarifying, explaining, and supporting its objections."  DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted).  District courts have broad discretion to determine relevancy for discovery purposes.  Cassirer v. Thyssen-Bornemisza Collection Found., 862 F.3d 951, 958 n.6 (9th Cir. 2017) (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  District courts also have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has had ample opportunity to obtain discovery; or the requested discovery exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

**B.   Pro Se Litigants**

"[P]ro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."  Hupp v. San Diego Cnty., Civil No. 12cv0492 GPC, 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014) (citing Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856–57 (8th Cir. 1996)); Wood v. Cnty. Contra Costa, 2022 WL 3681309, at *1 (9th Cir. 2022) (citing Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986)) (stating that pro se litigants must comply with court rules). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause

4

for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." <u>Knox v. U.S. Customs & Border Prot.</u>, Case No.: 18-cv-0030-AJB-AGS, 2018 WL 747830, at *2 (S.D. Cal. Feb. 7, 2018) (quoting <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991)).

### III. DISCUSSION

#### A. Procedural Considerations

Plaintiff states that he met and conferred with defense counsel, but could not resolve the discovery dispute he raises in his Motion to Compel. (<u>See</u> Mot.) Defendants contend that Plaintiff failed to comply with Judge Burkhardt's Case Management Conference Order requiring a Joint Discovery Statement, as well as Judge Leshner's Chambers Rules, and ask the Court to deny Plaintiff's motion. (Opp'n at 8 (citing ECF No. 50 at 15).)

The Court notes that this case was previously assigned to Magistrate Judge Jill L. Burkhardt. (ECF No. 41.) The case was reassigned to Magistrate Judge David D. Leshner on August 22, 2022, and to this Court on October 3, 2022. (<u>See</u> ECF Nos. 66, 67.) The Court has reviewed the requirements contained in the Chambers Rules of the Magistrate Judges who had been assigned to this case before it was reassigned to this Court. Those rules require the parties to meet and confer, and if the parties cannot resolve their discovery dispute, to contact the chambers of the assigned Magistrate Judge before filing any discovery motions. (<u>See</u> ECF No. 50 at 15; Hon. Jill L. Burkhardt Civ. Chambers Rules § V; Hon. David D. Leshner Chambers Rules § III.C.) This Court's Civil Chambers Rules contain similar requirements. (<u>See</u> Hon. Lupe Rodriguez, Jr. Civ. Chambers Rules § IV.) Plaintiff, however, did not advise the Court about the discovery dispute he raises in the instant motion and instead filed his Motion to Compel. Although the Court has authority to strike Plaintiff's motion as noncompliant with the Court's Civil Chambers Rules, the Court will nevertheless address the merits of the motion.

The Court further notes that its briefing schedule on the Motion to Compel did not direct Plaintiff to file a Reply, but Plaintiff filed a Reply on November 10, 2022. (<u>See</u>

ECF Nos. 72, 75.)  The Court will consider the Reply, but reminds Plaintiff that even though he is incarcerated and is proceeding *pro se*, he is required to comply with this Court's orders and Civil Chambers Rules.

## B.   Plaintiff's Motion to Compel

Plaintiff seeks to compel the production of the following categories of documents: (1) kitchen log books, (2) daily Meal Sample Reports, (3) Form 602 grievances from third party inmates, and (4) the confidential portions of his inmate central file.  (See Mot.; Reply.)  Although Plaintiff's motion seeks to compel additional responses to RFPs No. 1–13, the parties advised the Court during the Discovery Hearing that the following RFPs are still at issue: RFPs No. 1, 7, 8, 11, 12.  The parties further stated that they had resolved their discovery disputes with respect to the remaining RFPs.  As such, the Court **DENIES** Plaintiff's Motion to Compel with respect to RFPs No. 2, 3, 4, 5, 6, 9, 10, and 13 as moot.  The Court will address the remaining RFPs within each category of discovery requests at issue below.

### 1.   Kitchen Log Books (RFPs No. 7, 8)

Plaintiff's RFP No. 7 seeks "[a] copy of the 'Hazardous Analysis Critical Control Points' aka 'HACCP' as it applies & is used for the CDCR & Richard J. Donovan prison."  (ECF No. 71-2 at 7.)  Defendants stated that they will produce "Hazardous Analysis Critical Control Points Manual."  (Id.)

RFP No. 8 seeks "[a] copy of any and all kitchen log books to & for all (kitchen) facilities showing daily, weekly, & safety logs entered to & for Facilities A, B, C, D, & E as it pertains to Title 15 guidelines re health & daily inspection of all kitchen workers, from May 2020 to now training, sanitation, food prep et al; showing inspections are done."  (Id. at 8.)  Defendants objected that the request is vague, ambiguous, overboard, and not proportional to the needs of the case, because Plaintiff's claims do not include "all" aspects of health and safety, and do not involve "all" facilities A–E.  (Id.) Defendants also objected based on privacy, stating that the requested information concerns non-parties who may no longer be in the custody of the CDCR, and the

information is confidential pursuant to California Code of Regulations, title 15, sections 3321[1] and 3402.[2] (Id.)  Defendants further stated that they "will produce COVID-19 related directives and modified program details," and "will continue to make an ongoing effort to obtain any other additional logs and relevant materials and supplement the production should they discover additional information." (Id.)

In the instant motion, Plaintiff moves to compel the production of "kitchen log books." (Mot. at 3.)  He states that prison officials are required to maintain chronological logs that he is seeking, and the requested documents will establish that workers are not given basic instructions on food preparation and food service sanitation, and will "show health violations." (Reply at 3–4.)

Defendants assert that "kitchen log books" do not exist and are not relevant to Plaintiff's claims. (Opp'n at 3–4.)  Defendants argue that Federal Rule of Civil Procedure 34 only requires the production of already-existing documents, and they are not required to create documents that do not exist. (Id. at 4.)  Defendants thus ask the Court to deny Plaintiff's request. (Id.)

---

[1]  The regulation provides, in relevant part, that "[t]he following types of information shall be classified as confidential: (1) Information which, if known to the inmate, would endanger the safety of any person"; "(2) Information which would jeopardize the security of the institution." Cal. Code Regs. tit. 15, § 3321(a)(1)–(2).

[2]  The section provides the following:

> Within the scope of their assigned duties, employees are encouraged to consult an inmate's central file for assistance in better understanding the inmate.  The contents of the inmate's file are private and privileged information.  It will not be discussed with other persons except as is necessary for professional reasons, and will not be the subject of banter between employees or between employees and the inmate to whom it pertains or with other inmates.  Information in an inmate's central file may be confidential by law or for reasons relating to institution security and the safety of persons.  Such confidential or restricted information must not be disclosed to persons who are not authorized by law and departmental policy and procedures to receive such information.

Cal. Code Regs. tit. 15, § 3402.

7

1    Plaintiff alleges in his FAC that Defendants failed to enforce California Code of

2    Regulations, Title 15, section 3052(g), and that as a result, inmates with contagious

3    diseases were working in the kitchens and contaminated food, which "led to Plaintiff re-

4    contracting Hepatitis-C." (See ECF No. 32 at 4; ECF No. 32-1 at 9.)  In light of

5    Plaintiff's allegations in his FAC, the Court finds that Plaintiff is requesting information

6    relevant to his allegations of deliberate indifference against Defendants.  (See id.)

7         Defense counsel states in her declaration that she "requested 'kitchen log books'

8    from RJD, and the Litigation Coordinator confirmed that there are none." (Pollard Decl.

9    at 3.)  Defense counsel further declares that "[p]rocedures relating to food service were

10   modified in response to the COVID-19 pandemic, and thus, there are no 'kitchen log

11   books' containing daily logs of information relating specifically to the kitchen on D-

12   Yard."  (Id. at 3–4.)  She also states that Defendants located "the Sergeant's Log," which

13   is not maintained specifically for the kitchen, but "for the whole facility D."  (Id. at 3.)

14   Defense counsel declares that after reviewing a sample of the "Sergeant's Log," she

15   "determined the only kitchen-related information in this log were the start and end times

16   for 'chow'"; otherwise, the log "contains information on inmate escorts, security checks,

17   and counts."  (Id. at 4.)

18        Federal Rule of Civil Procedure 34 requires a party to produce all relevant

19   documents in the party's "possession, custody, or control" when responding to a request

20   for production of documents.  Fed. R. Civ. P. 34(a)(1).  "Rule 34 only requires a party to

21   produce documents that are already in existence," and a district court "cannot compel the

22   production of documents that do not exist."  Alexander v. F.B.I., 194 F.R.D. 305, 310

23   (D.C. Cir. 2000); Medina v. Cnty. of San Diego, Civil No. 08cv1252 BAS (RBB), 2014

24   WL 4793026, at *19 (S.D. Cal. Sept. 25, 2014); see also Lamon v. Adams, No. 1:09–cv–

25   00205–LJO–SMS PC, 2015 WL 1879606, at *3 (E.D. Cal. Apr. 22, 2015) ("In requiring

26   the production of documents and other tangible things 'in the responding party's

27   possession, custody, or control,' Federal Rule of Civil Procedure 34(a)(1) contemplates

28

21cv1675-JAH(LR)

only the production of existing items since something that does not exist cannot be possessed, held, or controlled.").

As an initial matter, the Court finds that the information contained in the "Sergeant's Log" is not relevant to Plaintiff's allegations in the FAC.  Further, Defendants are correct that they are not required to create documents that do not exist in response to Plaintiff's discovery requests.  See Fed. R. Civ. P. 34(a)(1); Alexander, 194 F.R.D. at 310; Medina, 2014 WL 4793026, at *19.  In light of defense counsel's sworn representations that procedures relating to food service were modified in response to the COVID-19 pandemic, and that after she requested "kitchen log books" from RJD, the Litigation Coordinator advised her that "there are none," the Court **DENIES** Plaintiff's motion to compel further production in response to RFPs No. 7, 8.  See id.; see also SolarCity Corp. v. Doria, Case No.: 16cv3085-JAH (RBB), 2018 WL 467898, at *7 (S.D. Cal. Jan. 18, 2018) (quoting Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012)) ("If there are no other responsive documents in [d]efendant's possession, custody, or control, after conducting this further attempt to locate records, [the party resisting discovery] must state so under oath and describe efforts [the party] made to locate responsive documents.").

### 2. Daily Meal Sample Reports

Plaintiff's motion seeks to compel the production of RJD's daily Meal Sample Reports for 2020.  (See Mot. at 4; Reply at 3.)  Defendants assert that Meal Sample Reports contain inventory, menu items for inmate meals, and other meal preparation details.  (Opp'n at 5 (citing ECF No. 71-3 at 5).)  Defendants further allege that although Meal Sample Reports are not relevant to Plaintiff's allegations of deliberate indifference, they have agreed to produce a limited range of such reports.  (Id.)

The documents submitted to the Court demonstrate that after a telephonic meet and confer with Plaintiff on September 28, 2022, Defendants agreed to request a limited date range of the reports at issue and provide them to Plaintiff.  (See Pollard Decl. at 2–3.)  Further, defense counsel states in her declaration that "Defendants requested Meal

Sample Reports for January–April of 2021 from RJD on September 29, 2022," and "will produce the reports requested once received." (Id. at 3.)  Notably, during the Discovery Hearing, the parties advised the Court that Defendants had produced the requested documents.  Further, Plaintiff agreed that he was satisfied with the production. Accordingly, the Court **DENIES** Plaintiff's motion to compel the production of Daily Meal Sample Reports as moot.

### 3. 602 Grievances Filed by Other Inmates (RFPs No. 11, 12)

Plaintiff's RFP No. 11 requests:

[a]ny and all formal and information written complaints (including but not limited to 602 forms [sic]) against Defendants Pollard and any Defendant alleging "arbitrary & wrongfully" treating 602s [sic], during Defendant Pollard's employment as Warden while at Richard J. Donovan (this request includes written responses, reports, memos [sic] etc. on file at RJD.[)]

(ECF No. 72-1 at 10.)

RFP No. 12 seeks the following:

[a]ny and all formal and information written complaints [sic] (including but not limited to 602 forms [sic]) in which (any) Richard J. Donovan staff member has violated "a health & safety violation" & [sic] again (Defendant Pollard) is subjectively aware, this includes in the food & kitchen service areas & [inmate] health & welfare.  (This request includes written responses, reports, memos, etc, work orders on file at RJD."[)]

(Id. at 11.)

Defendants objected that the above requests seek irrelevant information, are overbroad, burdensome, and not proportional to the needs of the case.  (Id. at 10, 13.) They stated that the requested information implicates privacy rights of non-parties who may no longer be in custody of the CDCR, and the information is confidential under California Code of Regulations, title 15, sections 3321 and 3402.  (Id.)  Additionally, Defendants objected that the requested information is protected by the official

information privilege.  (Id. (citing Soto, 162 F.R.D. at 613).)  Defendants also cited

documents produced in response to RFPs No. 2 and 3.[3]  (Id.)

In his Motion to Compel, Plaintiff states that he is seeking documents pertaining to

complaints and allegations about Defendants, and he is not requesting documents

contained in personnel records.  (Mot. at 6–7.)  Plaintiff claims that Defendants' failure to

protect inmates "shows deliberate indifference to known risks to inmates' health and

safety."  (Id. at 2.)  Plaintiff argues that the information he seeks is highly relevant to his

FAC allegations that inmates at RJD were mistreated, but "nothing was done about it,"

and that Warden Pollard failed to address ongoing violations.  (Id. at 7; Reply at 5.)

Plaintiff contends that although the requested information may not be admissible as

character evidence, it may be admissible for other purposes.  (Id.)  He also asks the Court

to conduct an in camera review of the requested documents.  (Id. at 4–5.)

Defendants argue that 602 grievances filed by other inmates are not relevant to

Plaintiff's deliberate indifference claim, and compiling the requested information is

unduly burdensome.  (Opp'n at 5–6.)  Defendants further allege that the 602 grievances

contain "private and health related information" of other inmates, and the requested

production could jeopardize Plaintiff's safety, the safety of third party inmates, as well as

---

[3]  The Court notes that in their objections to RFPs No. 2 and 3, Defendants agreed to produce the
following documents:

- Plaintiff Brian Kakowski (BF3115)'s Medical Records relating to his Hepatitis-C
  condition and treatment.
- Plaintiff Brian Kakowski (BF3115)'s Mental Records relating to his Hepatitis-C
  condition and treatment.
- Grievance documents including 602s and institution responses relating to Log #110535,
  Log #16442, and Log #RJD-D-20-01522.
- Health care grievance documents relating to #RJD HC 21000637, #RJD HC 21000579,
  and #RJD HC 21001347.

(ECF No. 71-2 at 4–5.)  The parties clarified during the Discovery Hearing that that the grievances
Defendants identified in their objections were written by Plaintiff.  The parties also advised the Court
that Defendants had produced the identified grievances to Plaintiff.

21cv1675-JAH(LR)

staff members.  (Id. at 5.)  Additionally, Defendants contend that the requested production would "place a chilling effect on inmates who have valid matters that could be addressed and remedied through the administrative grievance process," create tension and resentment in the inmate population, and reduce morale of prison staff.  (Id. at 6.)

### a.  Relevance and burden

"[C]ourts permit some discovery into past complaints by narrowing the complaints to the same defendants, to similar claims as being asserted in the lawsuit, and with a time limitation."  Crumb v. Hasselblad, et al., Case No.: 16cv581-BTM (NLS), 2018 WL 521506, at *3 (S.D. Cal. Jan. 22, 2018); see also Whitely v. CDCR, Case No. CV 18-1103-RGK (AGR), 2021 WL 840067, at *2–3 (C.D. Cal. Jan. 29, 2021) ("Courts generally order production of complaints that involve allegations of similar incidents or allegations . . . .");  Taylor v. O'Hanneson, No. 1:11–cv–00538–LJO–SAB (PC), 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014) (ordering production of documents regarding allegations against defendants within five years preceding the events in question in the action, asserting claims similar to plaintiff's claims).  "Evidence of similar prior complaints may be relevant and discoverable even if not ultimately admissible."  Whitely, 2021 WL 840067, at *2; see also Crumb, 2018 WL 521506, at *3 (noting that evidence of past complaints "may be used for purposes other than character evidence, for example to show bias or a pattern or practice").

In this case, Plaintiff's requests at issue are overbroad.  Plaintiff's remaining claims involve allegations of deliberate indifference against Defendants Pollard, Clayton and Moseley.  The alleged wrongful conduct occurred during 2021.  (See ECF No. 32.) The Court therefore finds that the relevant timeframe extends to January 1, 2019.

Notably, during the Discovery Hearing, the parties advised the Court that Plaintiff previously had identified the names of ten inmates housed at RJD who had allegedly filed complaints at issue in this category of requests.  Plaintiff also clarified that he was not seeking 602 grievances against Defendant Clayton.  Accordingly, the Court finds that the following responsive documents are relevant: all grievances filed by the ten inmates

1   identified by Plaintiff, dating back to January 1, 2019, that allege claims similar to the

2   claims alleged against Defendants Pollard and Moseley in Plaintiff's FAC.

3        Further, defense counsel confirmed during the Discovery Hearing that she had the

4   list of ten inmates identified by Plaintiff, and stated that searching for responsive

5   documents would require reviewing the files of the identified inmates to locate the

6   requested grievances.  Defense counsel also stated that the number of documents

7   responsive to the RFPs at issue would range between ten and fifty pages.  The Court also

8   notes that Plaintiff does not have an alternative source to obtain the requested

9   information.  Accordingly, RFPs No. 11 and 12, as limited by the Court in this Order,

10  seek information relevant to Plaintiff's allegations in his FAC, and Plaintiff's need for the

11  documents outweighs any alleged burden imposed on Defendants.

### b.  Privacy rights

13       Defendants' "privacy concerns do not make the entire document privileged and

14  beyond the scope of discovery" because such "concerns can be addressed with a

15  protective order and/or the redaction of identifying information."  See Ramirez v.

16  Gutierrez, Case No.:20-cv-1109-MMA(BLM), 2021 WL 4776332, at *6 (S.D. Cal. Oct.

17  12, 2021); see also Eusse v. Vitela, Case No.: 3:13-cv-00916-BEN-NLS, 2015 WL

18  9008634, at *5 (S.D. Cal. Dec. 14, 2015) ("[T]he names and identifying information of

19  the individuals who made the complaints, as well as other officers who were not involved

20  in the incident, may be redacted."); Thompson v. Morales, No. 1:04-cv-06554-SMS PC,

21  2008 WL 413757, at *1 (E.D. Cal. Feb. 13, 2008) ("Privacy concerns, if any, may be

22  addressed by redaction of names, CDC numbers, and other identifying

23  information . . . .").  Therefore, if the requested production in this case will require

24  disclosure of confidential information, Defendants may redact such information.

### c.  Official information privilege

26       "Assertions of privilege in federal question cases are governed by federal common

27  law." Dowell v. Griffin, 275 F.R.D. 613, 616 (S.D. Cal. 2011) (citing Fed. R. Evid. 501).

28  "Federal common law recognizes a qualified privilege for official information." Sanchez

v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990).  The party asserting the official information privilege has the initial burden of proving the applicability of the privilege.  See Kelly v. City of San Jose, 114 F.R.D. 653, 669–71 (N.D. Cal. 1987).  A party seeking to invoke the privilege must serve a timely discovery response specifically identifying the official information privilege as a basis for its objection.  Id. at 669.  The party must also submit a "declaration or affidavit" from "a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration," which includes the following:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

Id. at 670.

"If the non-disclosing party does not meet this initial burden of establishing cause to apply the privilege, the court must order disclosure of the documents; if the party meets this initial burden, the court generally conducts an in camera review of the material and balance each party's interests."  Bryant, 285 F.R.D. at 605; see also Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 671.  The balancing test[4] requires the court to "weigh the

---

[4]  Courts may consider the following non-exhaustive list of factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending

1    potential benefits of disclosure against the potential disadvantages."  <u>Sanchez</u>, 936 F.2d

2    at 1033–34.

3           In this case, Defendants provided a declaration from V. McSee, a Correctional

4    Counselor II at RJD.  (ECF No. 74-1, Decl. of V. McSee ("McSee Decl.").)  McSee

5    states that he is familiar with CDCR's policies and procedures regarding maintenance and

6    retention of prison records, as well as CDCR's confidentiality practices.  (<u>Id.</u> at 22.)  He

7    further declares that documents responsive to RFPs No. 11, 12 are maintained as

8    confidential to protect the safety of the inmates and staff involved, and the security of the

9    institution.  (<u>Id.</u> at 23–24.)  McSee declares that "allowing inmates to have access to other

10   inmates' administrative grievances could potentially compromise the safety and security

11   of inmates."  (<u>Id.</u> at 24.)  He explains that when an inmate's grievance concerns staff

12   misconduct, RJD conducts a confidential investigation, and because investigations are

13   confidential, inmates are encouraged to make truthful statements.  (<u>Id.</u>)  McSee also states

14   that "investigators who are assured of the confidential nature of the proceedings are

15   encouraged to accurately report their findings."  (<u>Id.</u>)  Additionally, McSee states that a

16   protective order will not alleviate a substantial risk of harm that could result from

17   disclosure of the requested information.  (<u>Id.</u> at 25.)

18          Having reviewed Defendants' discovery responses at issue, as well as the

19   declaration from V. McSee, the Court finds that Defendants have satisfied the threshold

20   requirement for application of the official information privilege.  Accordingly, the Court

21

22

23

24   or reasonably likely to follow from the incident in question; (6) whether the police investigation has
     been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise
25   from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith;
     (9) whether the information sought is available through other discovery or from other sources; and (10)
26   the importance of the information sought to the plaintiff's case.  <u>Kelly</u>, 114 F.R.D. at 663.  Courts are
     required to conduct "a situation specific analysis of the factors made relevant by the request in issue and
27   the objection to it."  <u>Id.</u>

28

will perform an *in camera* review and the required balancing analysis to determine whether the privilege applies to documents responsive to RFPs No. 11 and 12.

### 4.    Confidential Portions of Plaintiff's Central File (RFP No. 1)

RFP No. 1 seeks "[a]ny and all documents [sic] created by any and all CDCR employee staff member & or official as it pertains to Plaintiff & is in custody of CDCR also known as (C-file) logs, reports, photos, grievances, responses, etc. [sic]." (ECF No. 71-2 at 3.)  Defendants objected that the request is vague, seeks irrelevant information, and is burdensome.  (Id.)  Defendants further stated that the request is disproportionate to the needs of the case because Plaintiff's claims relate to his Hepatitis-C condition and treatment, and do not require all information contained in Plaintiff's central file.  (Id.)  Defendants stated that they "will not produce Plaintiff's C-file because none of the contents are relevant to the claims in Plaintiff's First Amended Complaint."  (Id.)

In the instant motion, Plaintiff argues that he is requesting a copy of "synopsis," which is "a confidential report in which staff logs information on [inmates]."  (Mot. at 4; see also Reply at 5.)  Plaintiff alleges that inmates are allowed to obtain this information, with certain redactions, before their Board hearings, and Defendants can "delete and redact" confidential names and sources.  (Mot. at 4; Reply at 5.)  Plaintiff also contends that "defense is using the idea that I do drugs so I want to see what[s] [sic] being said in my c-file, by officers or inmates."  (Mot. at 4.)

Defendants argue that the requested information does not relate to Plaintiff's claims and implicates issues of institutional security.  (Opp'n at 7–8.)  Defendants also contend that Plaintiff's request is overbroad because his "central file encompasses all documents that relate to him in any manner and extend from the time of his initial incarceration to the present."  (Id. at 7.)  Defendants further state that the requested information is protected from disclosure under state law and may contain information about non-party inmates.  (Id. (citing Cal. Code Regs. tit. 15, § 3321(a)(1)–(2)).)  Defendants also assert that any investigatory files compiled by a state agency for correctional purposes are protected from disclosure.  (Id. (citing Cal. Gov. Code

21cv1675-JAH(LR)

§ 6254(f); Evid. Code §§ 1040–1043).)  Finally, Defendants maintain that they produced to Plaintiff information regarding his alleged history of drug use from his medical records, and Plaintiff is therefore not prejudiced from not reviewing the confidential potions of his central file.  (Id. at 7–8.)

The Court notes that after the District Judge's February 14, 2022 screening order, the only remaining claims in Plaintiff's FAC are his Eighth Amendment deliberate indifference claims against Defendants Pollard, Clayton and Mosely.  (See ECF No. 33; see also ECF No. 32.)  Plaintiff fails to establish that the confidential portion of his central file contains any documents relevant to the remaining claims in his FAC.  Further, the Court notes that Defendants' supplemental document production included Plaintiff's medical records and non-confidential portions of his central file, and that Defendants provided the information "as a courtesy, although inmates have their own means to access and inspect their medical files and central file."  (See Opp'n at 3; Pollard Decl. at 2–3; id., Exh. C; Opp'n at 3 n.1.)  As such, Plaintiff's request at issue is overbroad and not proportional to the needs of the case.  See Fed. R. Civ. P. 26(b)(1) (allowing discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").  Additionally, the Court agrees with Defendants that because they have already produced Plaintiff's medical records containing information regarding his alleged history of drug use, Plaintiff will not be prejudiced from not reviewing the confidential potions of his central file.  Accordingly, the Court **DENIES** Plaintiff's Motion to Compel production in response to RFP No. 1. See id.; see also King v. Biter, Case No.: 1:15-cv-00414-LJO-SAB (PC), 2017 WL 3149592, at *6 (E.D. Cal. July 25, 2017) (denying plaintiff's motion to compel the production of confidential portion of his central file; finding that plaintiff's request was overbroad because his "central file encompasses all documents that relate to him in any manner and extend from the time of his initial incarceration to the present," and the requested information was not relevant and not proportional to the needs of the case); Glass v. Beer, No. 1:04-cv-05466-OWW-SMS PC, 2007 WL 913876, at *7 (E.D. Cal.

Mar. 23, 2007) (denying plaintiff's motion to compel the production of confidential portion of his central file; finding that the request was overbroad and plaintiff failed to establish that the requested information was relevant to his claims; noting that plaintiff was "engaging in a fishing expedition in an attempt to gain access to the entire confidential section of his central file").

### IV.   CONCLUSION

Plaintiff's Motion to Compel is **DENIED IN PART** as follows:

1) The Court **DENIES** Plaintiff's Motion to Compel with respect to RFPs No. 1, 7, 8.

2) On or before **<u>January 6, 2023</u>**, Defendants must **lodge** with the Court for *in camera* review to efile_rodirguez@casd.uscourts.gov documents responsive to RFPs No. 11, 12. Defendants are only required to provide grievances and complaints that fit within the Court's definition of relevance as set for in Section III.B.3. If Defendants believe that portions of the documents at issue should be redacted if the Court orders production of the documents, Defendants must identify the specific information that should be redacted and provide the basis for the requested redaction. The Court will issue a supplemental order after conducting the required *in camera* review.

3) The Court **DENIES** Plaintiff's Motion to Compel with respect to RFPs No. 2, 3, 4, 5, 6, 9, 10, and 13 as moot.

**IT IS SO ORDERED.**

Dated:  December 13, 2022

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

18